CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

JONAH P. ROSS (CABN 305076)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    jonah.ross@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:26-cr-00092 JST |
| Plaintiff, | **GOVERNMENT'S DETENTION MEMORADNUM** |
| v. | Hearing Date: March 11, 2026 |
| JORGE ARTURO LEMUS-CHINCHILLA, | Hearing Time: 10:30 a.m.<br>Courtroom: Courtroom 4, 3rd Floor |
| Defendant. | Hon. Laurel Beeler |

## I. INTRODUCTION

Defendant Jorge Arturo Lemus-Chinchilla—a man with a prior conviction for a gang-motivated attempted murder and two prior convictions for firearm offenses—has been indicted for his possession of an AR-style firearm with a 45-round magazine. He possessed this firearm in his SUV, which he crashed after driving under the influence of alcohol.

Lemus-Chinchilla is a danger to the community. It is imperative that he remain detained pending trial.

/ / /

/ / /

/ / /

## II. BACKGROUND

As detailed below, Lemus-Chinchilla was arrested for possessing an AR-style firearm while driving under the influence on October 26, 2025. Subsequently, a grand jury returned an indictment charging him with one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).

### a. Lemus-Chinchilla Possessed an AR-Style Firearm Shortly After Crashing His SUV While Driving Under the Influence of Alcohol

At around 2:52 a.m. on October 26, 2025, two 911 callers separately reported a solo vehicle crash in San Pablo involving a black SUV. Both stated that the driver was trying to flee but the front tires were popped. One caller stated the man was in a white t-shirt with white pants, and he appeared to be by himself.

When officers arrived on scene, they found Lemus-Chinchilla standing next to a black Jeep Grand Cherokee SUV, which was registered to him. The Jeep had sustained severe front-end damage and multiple popped tires, and was clearly undriveable. No other person and no other vehicle was in the area. Despite displaying multiple objective signs of intoxication, including smelling of alcohol, Lemus-Chinchilla claimed that he had not been drinking.

Because the Jeep was disabled and blocking two lanes of traffic, officers requested a tow. During an inventory search of the Jeep, they located an AR 15-style firearm on the front passenger floorboard. The firearm was unloaded:



### b. Lemus-Chinchilla Was Previously Convicted of Attempted Murder in a Gang-Motivated Shooting, and Has Two Prior Convictions for Unlawfully Possessing Firearms

Lemus-Chinchilla had been discharged from parole only seven months earlier, after having been sentenced to five years in prison following a 2021 conviction for attempted murder. In that case, reports indicate that Lemus-Chinchilla was the driver during a targeted attack on a suspected gang rival. The vehicle was seen stalking the victim, and the shooter yelled, "Varrio San Pablo" (a reference to a San Pablo, CA-based Norteño gang), before firing several rounds, several of which struck the victim, who survived.

In 2020—one year before the attempted murder conviction—Lemus-Chinchilla was convicted of possessing a firearm as a prohibited person and possessing a multiburst trigger activator. In 2018, he was convicted of carrying a concealed weapon in a vehicle.

### III.  LEGAL STANDARD

Under the Bail Reform Act of 1984, as amended, the Court must detain a defendant pretrial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary for the government to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as

whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

### IV. LEMUS-CHINCHILLA'S POSSESSION OF AN AR-STYLE FIREARM AFTER AN ATTEMPTED MURDER CONVICTION AND MULTIPLE FIREARMS-RELATED CONVICTIONS PROVES THAT HE IS A DANGER TO THE COMMUNITY

The United States submits that no condition or combination of conditions will protect the public should he be released from custody.

#### a. The Nature And Circumstances Of The Offense And The Danger Lemus-Chinchilla Poses To The Community Weigh In Favor Of Detention

Only a few months after he was discharged from parole for his conviction for a targeted, gang-motivated attempted murder, Lemus-Chinchilla possessed a highly dangerous AR-style semiautomatic firearm, equipped with a 45-round magazine. His mere possession of such a firearm was inherently dangerous, but Lemus-Chinchilla increased the danger by possessing the firearm while impaired and driving recklessly through the Bay Area in the early morning. Undoubtedly, Lemus-Chinchilla was aware of the criminality and dangerousness of his conduct; and yet, that was not enough to deter him. His conduct gives the Court every reason to believe that, if he is released, he will obtain another firearm.

#### b. The Weight of the Evidence Against Lemus-Chinchilla Is Overwhelming

Lemus-Chinchilla was the driver and sole occupant of a vehicle registered to him at the time he crashed, rendering the vehicle immobile. The firearm was recovered from the front passenger floorboard, in arm's reach from where Lemus-Chinchilla sat as he drove. He possessed the firearm.

#### c. Lemus-Chinchilla's Criminal History and Prior Conduct Demonstrate the Danger He Poses

Lemus-Chinchilla's criminal history since 2018 demonstrates a constant pattern of gun crimes, including the attempted murder from 2021. Unfortunately, neither those convictions nor the custody time that followed were sufficient to deter Lemus-Chinchilla from possessing yet another firearm, much less an AR-style firearm with a 45-round magazine. He has given the Court no reason to believe that his conduct will change following his most recent arrest.

## V. CONCLUSION

For the reasons set forth above, Lemus-Chinchilla is a danger to the community, and the Court should therefore detain him pending trial.

DATED: March 10, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

 /s/
JONAH P. ROSS
Assistant United States Attorney